UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ALLEN CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:17-cv-00737-WTL-DML |
| | ) | |
| JOHN LAYTON Sheriff, MCSD, | ) | |
| ERIC HIGGINSON Classification MCSD -- Jail, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Dismissing Complaint and Directing Further Proceedings**

**I.**

The plaintiff is a prisoner currently incarcerated at New Castle Correctional Industrial Facility ("New Castle"). Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

The plaintiff brings this action against defendants Sheriff Layton of the Marion County Sheriff's Department and Eric Higginson from the classification division of the Marion County Jail. The plaintiff's claims are brought pursuant to 42 U.S.C. § 1983, alleging Eighth Amendment claims against the defendants. The following allegations are drawn from the plaintiff Complaint.

The plaintiff was taken to Marion County Jail from New Castle on October 11, 2016. He informed jail staff during intake that he was legally blind and thus needed to be placed on a bottom bunkbed in the medical wing. Later that night, the plaintiff was informed that the classification department had assigned him to the medical block, but when he arrived there, he was placed on a top bunkbed. The next day, on October 12, 2016, the plaintiff fell while trying to climb down from the top bunkbed, "causing severe injury." He seeks monetary damages for his injuries.

The plaintiff's claims must be **dismissed** for the following reasons. First, to be liable under § 1983, the defendants must have personal involvement in the constitutional deprivations alleged, and there are no such allegations against these defendants. *See Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014); *see also Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010) ("[I]ndividual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation.'") (citation and quotation mark omitted). Indeed, neither defendant is named in the body of the Complaint at all.

Second, the plaintiff alleges that "the classification department" assigned him the top bunkbed. Although defendant Mr. Higginson is labeled as from the classification department, there are no allegations that he made the classification decision for the plaintiff. But even if he

did, to state an Eighth Amendment claim, the plaintiff must allege "'incarcerated under conditions posing a substantial risk of serious harm' and that [each defendant] was deliberately indifferent to that risk." *Olson v. Morgan*, 750 F.3d 708, 713 (7th Cir. 2014) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "The 'deliberate indifference' requirement means that 'the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Id.* (quoting *Farmer*, 511 U.S. at 837). Therefore, even if it was adequately alleged that Mr. Higginson made the classification decision at issue, there are no allegations that would permit the conclusion that he did so with deliberate indifference. For this additional reason, the plaintiff's claims must be dismissed.

## II.

The plaintiff's Complaint must be dismissed for the reasons set forth above. However, the Court will give him an opportunity to file an amended complaint so that, if possible, he may cure the above noted deficiencies. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."). The plaintiff has **through June 19, 2017**, in which to file an amended complaint. The failure to do so by this date will result in this dismissal of this action without further for the reasons set forth in this Entry.

**IT IS SO ORDERED.**

Date: 5/23/17

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

ALLEN  CLARK
872147
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362